UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ZURICH AMERICAN INSURANCE COMPANY,

                Plaintiff,

    -against-                            07 Civ. 6514 (DC)

PIEDMONT EXPRESS, INC.,             **COMPLAINT**

                Defendant.

------------------------------------------------------------X

        Plaintiff, complaining of the defendant, by its attorneys, McDERMOTT & RADZIK, LLP, sets forth and alleges to this Court upon information and belief, as follows:

1. That this is a claim under an Act of Congress regulating commerce with jurisdiction pursuant to 28 U.S.C. §1337 and 49 U.S.C. §14706.

2. At and during all times hereinafter mentioned, plaintiff was and is a corporation formed under the laws of one of the states of the United States and has an office and place of business at 105 East 17th Street, New York, New York 10003.

3. At and during all times hereinafter mentioned, defendant PIEDMONT EXPRESS, INC., was and still is a foreign corporation or other business entity and acted as a common carrier, freight forwarder and/or indirect carrier of merchandise for hire, is authorized to operate in this State, and has an office and place of business at 201 North McLin Creek Road, Conover, NC 28613

4. That on or about October 5, 2006 at Hickory, North Carolina, there was delivered to defendant, as a common carrier, a shipment of 67 reels of filler rods then being in good order and condition, and defendant accepted the shipment so shipped and delivered to it

and in consideration of certain agreed freight charges thereupon paid, or agreed to be paid, agreed to transport and carry said shipment to Carrollton, Georgia and there to deliver same in like good order and condition.

5. Defendant delivered the shipment at destination in a damaged condition, in violation of defendant's obligations and duties as a common carrier and/or bailee of the cargo.

6. Plaintiff was the subrogated underwriter of the shipper, consignee or owner of the aforesaid shipment and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

7. By reason of said premises, plaintiff has sustained damages in the amount of $14,640.71 no part of which has been paid, although duly demanded of defendant.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT

8. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "7" as if set forth at length herein.

9. The loss of the said 67 reels of filler rods was due to defendant's breach of contract, negligence and/or gross negligence.

10. By reason of said premises, plaintiff has sustained damages in the amount of $14,640.71 no part of which has been paid, although duly demanded of defendant.

**WHEREFORE**, plaintiff prays:

1. That process in due form of law may issue according to the practice of this Court against defendant;

2. That if defendant cannot be found within this District, that all its property within this District be attached in the amount set forth in this Complaint;

3. That judgment be entered in favor of plaintiff against defendant for the amount of plaintiff's damages together with interest, costs and attorneys' fees; and

4. That this Court will grant the plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
July 16, 2007

McDERMOTT & RADZIK, LLP.
Attorneys for Plaintiff

By: *[signature]*

James J. Ruddy (JR 6693)
Wall Street Plaza
88 Pine Street 21st Floor
New York, New York 10005
212-376-6400
Ref. No.: 10-07-1986 JJR